FILED

2019 Jan-30  PM 02:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

**LAMAR LACKEY,**

     **PLAINTIFF,**

**VS.**                    **CV NO.:**

**CITY OF LIPSCOMB,**

     **DEFENDANT.**

## COMPLAINT

### I. JURISDICTION

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. District Court jurisdiction exists pursuant to 29 U.S.C. §§ 215(a)(2) and 217 and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by the FLSA.

### II. PARTIES

2.      Plaintiff, Lamar Lackey, (hereinafter "Plaintiff") is a resident of Birmingham, Jefferson County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama, Southern Division, during the events of this case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(2)(C). Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Southern Division.

3.     Defendant, City of Lipscomb (hereinafter "Defendant"), is a municipality incorporated in the State of Alabama and is subject to service of process in Alabama.  Defendant is an employer as defined by 29 U.S.C. § 203(d).  Defendant is a public agency as defined by 29 U.S.C. § 203(x).  Therefore, this Court has jurisdiction over Defendant.

## III.  STATEMENT OF FACTS

4.     Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-3 above.

5.     As part of its municipal operations and services, Defendant operates a police department.

6.     Defendant hired Plaintiff on or about February 19, 2018.

7.     Defendant employed Plaintiff as a police officer.

8.     Defendant employed Plaintiff as uniformed and/or plainclothed member of Defendant's body of officers empowered by the State of Alabama to enforce laws designed to maintain the public peace and order and to protect both life and property from accidental or willful injury.

9.     Based on a finding of probable cause, Plaintiff had the power to arrest persons.

10.     Plaintiff previously had undergone training, attended courses of instruction, and study that included physical training, self-defense, firearm

proficiency, criminal and civil law principles, investigative and law enforcement techniques, community relations, medical aid, and ethics.

11.   For a short period of time, Defendant employed Plaintiff as the Acting Chief of Police.

12.   Initially, Defendant paid Plaintiff an hourly rate of $12.75 per hour.

13.   During the time Defendant employed Plaintiff as the Acting Chief of Police, Defendant paid Plaintiff $15.00 per hour.

14.   At all times during the employment relationship, Defendant classified Plaintiff as an hourly paid, non-exempt employee.

15.   In rendering payment to Plaintiff, Defendant used a bi-weekly payroll period to record Plaintiff's hours worked.

16.   Defendant's bi-weekly payroll period started on Friday at 12:00 a.m. and concluded on the second Thursday during at 11:59 p.m.

17.   During Plaintiff and Defendant's employment relationship, Defendant's payroll periods ended on March 1, 15, 29, April 12, 26, May 10, 24, June 7, 21, July 5, 19, August 2, 16, 30, and, September 13, 27, 2018.

18.   Defendant employed Plaintiff during the above defined payroll periods for the seven-day work periods that ended on February 22, March 1, 8, 15, 22, 29, April 5, 12, 19, 26, May 3, 10, 17, 24, 31, June 7, 14, 21, 28, July 5, 12, 19, 26, August 2, 9, 16, 23, 30, and, September 6, 13, 20, 27, 2018.

19.     Defendant employed (FNU) Beck.

20.     Defendant employed (FNU) Beck as a uniformed and/or plainclothes member of Defendant's body of officers empowered by the State of Alabama to enforce laws designed to maintain the public peace and order and to protect both life and property from accidental or willful injury.

21.     Based on a finding of probable cause, (FNU) Beck had the power to arrest persons.

22.     (FNU) Beck previously had undergone training, attended courses of instruction, and study that included physical training, self-defense, firearm proficiency, criminal and civil law principles, investigative and law enforcement techniques, community relations, medical aid, and ethics.

23.     Defendant employed (FNU) Farley.

24.     Defendant employed (FNU) Farley as a uniformed and/or plainclothes member of Defendant's body of officers empowered by the State of Alabama to enforce laws designed to maintain the public peace and order and to protect both life and property from accidental or willful injury.

25.     Based on a finding of probable cause, (FNU) Farley had the power to arrest persons.

26.     (FNU) Farley previously had undergone training, attended courses of instruction, and study that included physical training, self-defense, firearm

proficiency, criminal and civil law principles, investigative and law enforcement techniques, community relations, medical aid, and ethics.

27.    Defendant employed Canisha Freeman.

28.    Defendant employed Freeman as a uniformed and/or plainclothes member of Defendant's body of officers empowered by the State of Alabama to enforce laws designed to maintain the public peace and order and to protect both life and property from accidental or willful injury.

29.    Based on a finding of probable cause, Freeman had the power to arrest persons.

30.    Freeman previously had undergone training, attended courses of instruction, and study that included physical training, self-defense, firearm proficiency, criminal and civil law principles, investigative and law enforcement techniques, community relations, medical aid, and ethics.

31.    Defendant employed (FNU) Harris.

32.    Defendant employed (FNU) Harris as a uniformed and/or plainclothes amember of Defendant's body of officers empowered by the State of Alabama to enforce laws designed to maintain the public peace and order and to protect both life and property from accidental or willful injury.

33.    Based on a finding of probable cause, (FNU) Harris had the power to arrest persons.

34.     (FNU) Harris previously had undergone training, attended courses of instruction, and study that included physical training, self-defense, firearm proficiency, criminal and civil law principles, investigative and law enforcement techniques, community relations, medical aid, and ethics.

35.     Defendant employed Derrick Hopkins.

36.     Defendant employed Hopkins as a uniformed and/or plainclothes member of Defendant's body of officers empowered by the State of Alabama to enforce laws designed to maintain the public peace and order and to protect both life and property from accidental or willful injury.

37.     Based on a finding of probable cause, Hopkins had the power to arrest persons.

38.     Hopkins previously had undergone training, attended courses of instruction, and study that included physical training, self-defense, firearm proficiency, criminal and civil law principles, investigative and law enforcement techniques, community relations, medical aid, and ethics.

39.     Defendant employed (FNU) Howard.

40.     Defendant employed (FNU) Howard as a uniformed and/or plainclothes member of Defendant's body of officers empowered by the State of Alabama to enforce laws designed to maintain the public peace and order and to protect both life and property from accidental or willful injury.

41.    Based on a finding of probable cause, (FNU) Howard had the power to arrest persons.

42.    (FNU) Howard previously had undergone training, attended courses of instruction, and study that included physical training, self-defense, firearm proficiency, criminal and civil law principles, investigative and law enforcement techniques, community relations, medical aid, and ethics.

43.    Defendant employed Mohammed Jenkins.

44.    Defendant employed Jenkins as a uniformed and/or plainclothes amember of Defendant's body of officers empowered by the State of Alabama to enforce laws designed to maintain the public peace and order and to protect both life and property from accidental or willful injury.

45.    Based on a finding of probable cause, Jenkins had the power to arrest persons.

46.    Jenkins previously had undergone training, attended courses of instruction, and study that included physical training, self-defense, firearm proficiency, criminal and civil law principles, investigative and law enforcement techniques, community relations, medical aid, and ethics.

47.    Defendant employed Lanita Mabry-Neal.

48.    Defendant employed Mabry-Neal as a uniformed and/or plainclothes member of Defendant's body of officers empowered by the State of Alabama to

enforce laws designed to maintain the public peace and order and to protect both life and property from accidental or willful injury.

49.    Based on a finding of probable cause, Mabry-Neal had the power to arrest persons.

50.    Mabry-Neal previously had undergone training, attended courses of instruction, and study that included physical training, self-defense, firearm proficiency, criminal and civil law principles, investigative and law enforcement techniques, community relations, medical aid, and ethics.

51.    Defendant employed Brian Scott Martin.

52.    Defendant employed Martin as a uniformed and/or plainclothes member of Defendant's body of officers empowered by the State of Alabama to enforce laws designed to maintain the public peace and order and to protect both life and property from accidental or willful injury.

53.    Based on a finding of probable cause, Martin had the power to arrest persons.

54.    Martin previously had undergone training, attended courses of instruction, and study that included physical training, self-defense, firearm proficiency, criminal and civil law principles, investigative and law enforcement techniques, community relations, medical aid, and ethics.

55.    Defendant employed (FNU) Parker.

56.     Defendant employed (FNU) Parker as a uniformed and/or plainclothes member of Defendant's body of officers empowered by the State of Alabama to enforce laws designed to maintain the public peace and order and to protect both life and property from accidental or willful injury.

57.     Based on a finding of probable cause, (FNU) Parker had the power to arrest persons.

58.     (FNU) Parker previously had undergone training, attended courses of instruction, and study that included physical training, self-defense, firearm proficiency, criminal and civil law principles, investigative and law enforcement techniques, community relations, medical aid, and ethics.

59.     Defendant employed (FNU) Rosenbaum.

60.     Defendant employed (FNU) Rosenbaum as a uniformed and/or plainclothes member of Defendant's body of officers empowered by the State of Alabama to enforce laws designed to maintain the public peace and order and to protect both life and property from accidental or willful injury.

61.     Based on a finding of probable cause, (FNU) Rosenbaum had the power to arrest persons.

62.     (FNU) Rosenbaum previously had undergone training, attended courses of instruction, and study that included physical training, self-defense,

firearm proficiency, criminal and civil law principles, investigative and law enforcement techniques, community relations, medical aid, and ethics.

63.     Defendant employed (FNU) Smith.

64.     Defendant employed (FNU) Smith as a uniformed and/or plainclothes amember of Defendant's body of officers empowered by the State of Alabama to enforce laws designed to maintain the public peace and order and to protect both life and property from accidental or willful injury.

65.     Based on a finding of probable cause, (FNU) Smith had the power to arrest persons.

66.     (FNU) Smith previously had undergone training, attended courses of instruction, and study that included physical training, self-defense, firearm proficiency, criminal and civil law principles, investigative and law enforcement techniques, community relations, medical aid, and ethics.

67.     Defendant employed Wendy Long, (a.k.a. Wendy Brechin).

68.     Defendant employed Long as a uniformed and/or plainclothes member of Defendant's body of officers empowered by the State of Alabama to enforce laws designed to maintain the public peace and order and to protect both life and property from accidental or willful injury.

69.     Based on a finding of probable cause, Long had the power to arrest persons.

70.   Long previously had undergone training, attended courses of instruction, and study that included physical training, self-defense, firearm proficiency, criminal and civil law principles, investigative and law enforcement techniques, community relations, medical aid, and ethics.

71.   Defendant employed Kennith Reese.

72.   Defendant employed Reese as a uniformed and/or plainclothes member of Defendant's body of officers empowered by the State of Alabama to enforce laws designed to maintain the public peace and order and to protect both life and property from accidental or willful injury.

73.   Based on a finding of probable cause, Reese had the power to arrest persons.

74.   Reese previously had undergone training, attended courses of instruction, and study that included physical training, self-defense, firearm proficiency, criminal and civil law principles, investigative and law enforcement techniques, community relations, medical aid, and ethics.

75.   For the work ending March 8, 2018, the following persons performed labor for the benefit of Defendant:  Plaintiff, Beck, Brechin, Howard, Mabry-Neal, Parker, and, Sampson.

76.     For the work ending March 15, 2018, the following persons performed labor for the benefit of Defendant:  Plaintiff, Brechin, Harris, Hopkins, Howard, Martin, Mabry-Neal, Parker, and, Sampson.

77.     For the work ending March 22, 2018, the following persons performed labor for the benefit of Defendant:  Plaintiff, Beck, Brechin, Jenkins, Mabry-Neal, Parker, and, Sampson.

78.     For the work ending March 29, 2018, the following persons performed labor for the benefit of Defendant:  Plaintiff, Brechin, Martin, Mabry-Neal, Parker, and, Sampson.

79.     For the work ending April 5, 2018, the following persons performed labor for the benefit of Defendant:  Plaintiff, Beck, Burford, Howard, Mabry-Neal, and, Tyler.

80.     For the work ending April 12, 2018, the following persons performed labor for the benefit of Defendant:  Plaintiff, Beck, Burford, Howard, Mabry-Neal, and, Tyler.

81.     For the work ending April 19, 2018, the following persons performed labor for the benefit of Defendant:  Plaintiff, Beck, Brechin, Burford, Howard, and, Mabry-Neal.

82.     For the work ending April 26, 2018, the following persons performed labor for the benefit of Defendant:  Plaintiff, Beck, Brechin, Burford, Howard, Mabry-Neal, Parker, and, Tyler.

83.     For the work ending May 3, 2018, the following persons performed labor for the benefit of Defendant:  Plaintiff, Beck, Brechin, Burford, Martin, and, Mabry-Neal.

84.     For the work ending May 10, 2018, the following persons performed labor for the benefit of Defendant:  Plaintiff, Brechin, Martin, and, Mabry-Neal.

85.     For the work ending May 17, 2018, the following persons performed labor for the benefit of Defendant:  Plaintiff, Brechin, Jenkins, Sampson, and, Tyler.

86.     For the work ending May 24, 2018, the following persons performed labor for the benefit of Defendant:  Plaintiff, Beck, Brechin, Burford, Martin, and, Tyler.

87.     For the work ending May 31, 2018, the following persons performed labor for the benefit of Defendant:  Plaintiff, Brechin, Jenkins, Mabry-Neal, and, Tyler.

88.     Upon information and belief, Defendant employed Plaintiff and at least an additional five officers for the work weeks ending on the 7th, 14th, 21st, 28th, of June 2018.

89.    For the work ending July 5, 2018, the following persons performed labor for the benefit of Defendant:   Plaintiff, Howard, Martin, Mabry-Neal, Sampson, and, Tyler.

90.    For the work ending July 12, 2018, the following persons performed labor for the benefit of Defendant:  Plaintiff, Freeman, Jenkins, Martin, Mabry-Neal, and, Tyler.

91.    For the work ending July 19, 2018, the following persons performed labor for the benefit of Defendant:  Plaintiff, Beck, Farley, Martin, Mabry-Neal, and, Smith.

92.    For the work ending July 26, 2018, the following persons performed labor for the benefit of Defendant:  Plaintiff, Howard, Martin, Mabry-Neal, and, Sampson.

93.    For the work ending August 2, 2018, the following persons performed labor for the benefit of Defendant:   Plaintiff, Burford, Martin, Mabry-Neal, Sampson, and, Smith.

94.    For the work ending August 9, 2018, the following persons performed labor for the benefit of Defendant:  Plaintiff, Howard, Jenkins, Martin, and, Mabry-Neal.

95.     For the work ending August 16, 2018, the following persons performed labor for the benefit of Defendant:  Plaintiff, Howard, Martin, Mabry-Neal, and, Tyler.

96.     For the work ending August 23, 2018, the following persons performed labor for the benefit of Defendant:  Plaintiff, Jenkins, Martin, and, Mabry-Neal.

97.     For the work ending August 30, 2018, the following persons performed labor for the benefit of Defendant:  Plaintiff, Martin, Mabry-Neal, and, Tyler.

98.     For the work ending September 6, 2018, the following persons performed labor for the benefit of Defendant:  Plaintiff, Martin, Mabry-Neal, and, Tyler.

99.     Upon information and belief, Defendant employed Plaintiff and at least an additional five officers for the work weeks ending on the 16th, 23rd, 30th of August 2018.

100.   Upon information and belief, Defendant employed Plaintiff and at least an additional five officers for the work weeks ending on the 6th 13th, 20th, and 27th of September 2018.

**IV.  COUNT ONE – FLSA – Overtime Violations**

101.   Plaintiffs hereby incorporate by reference each of the allegations contained in paragraphs 1-100 above.

102.    During the three years preceding the filing of this Complaint, Defendant is a public agency as defined by the FLSA.  (29 U.S.C. § 203(x)).

103.    At all times relevant to this action, Defendant was an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

104.    During the three years preceding the filing of this Complaint, Defendant recorded Plaintiff's hours worked in excess of eighty-six hours during a two-week pay period on at least nine or more occasion.

105.    Defendant failed to pay Plaintiff overtime premium for all hours worked in excess of eighty-six hours during a two-week pay period for all as required by 29 U.S.C. § 207(k)(2).

106.    During the work weeks ending on February 22, March 1, 8, 15, 22, 29, April 5, 12, 19, 26, May 3, 10, 17, 24, 31, June 7, 14, 21, 28, July 5, 12, 19, 26, August 2, 9, 16, 23, 30, and, September 6, 13, 20, 27, 2018, Defendant employed five or more police officers, as defined by the Code of Federal Regulations, such that it may not claim the exemption made available by 29 U.S.C. § 213(a)(20) to forgo compensating Plaintiff overtime premium.

107.    Upon information and belief, Defendant's city clerk, mayor, and legal counsel have knowledge that Defendant is not compensating Plaintiff and other police officers at a rate that is compliant with the FLSA.

108.    As the result of Defendant's willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of overtime premium pay.

## V.  PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A.    The Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in the Complaint;

B.    This Court award Plaintiff the amount of unpaid overtime compensation, plus an additional equal amount as liquidated damages; nominal damages; and special damages;

C.    That Plaintiff be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements and interest; and

D.    For such other and further relief as this Court deems equitable, proper and just.

_____
Allen D. Arnold

**OF COUNSEL:**

Allen D. Arnold, Attorney at Law
A Member of Five Points Law Group, LLC
2151 Highland Avenue South, Ste. 205
Birmingham, Alabama 35205
T: (205) 252-1550
F: (205) 502-4476

PLAINTIFF REQUESTS TRIAL BY STRUCK JURY

_____
OF COUNSEL

**DEFENDANT'S ADDRESS:**
City of Lipscomb
c/o City Clerk Velma M. Ford
5512 Avenue H.
Lipscomb, AL 35020