# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| LAMAR LACKEY, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 2:19-cv-00169-JHE |
| CITY OF LIPSCOMB, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION[1]

Plaintiff Lamar Lackey ("Lackey" or "Plaintiff") and Defendant City of Lipscomb ("the City" or "Defendant") have jointly requested approval of their settlement agreement, which represents the resolution of a disputed matter under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). (Doc. 20). For the reasons set forth below, the court approves the parties' settlement.

## I. Background Facts

On January 30, 2019, Lackey filed this action, asserting a single FLSA overtime violation count. (Doc. 1). Specifically, Lackey, a Lipscomb police officer, asserts the City failed to pay him overtime compensation for hours worked in excess of eighty-six per two-week pay period. (*Id.*). The City answered the complaint on February 20, 2019, denying the complaint's allegations in relevant part. (Doc. 7).

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 12).

On October 1, 2019, at the request of the parties, the undersigned referred this action to United States Magistrate Judge John E. Ott for mediation. (Doc. 17). Judge Ott conducted the mediation on October 21, 2019, and the parties reached a settlement at that mediation session. (*See* docs. 19 & 20).

On October 25, 2019, the parties filed the instant joint motion for settlement approval. (Doc. 20). Under the settlement reached by the parties, Lackey will receive $2,250.00 for unpaid overtime wages and $2,250.00 in liquidated damages. (Doc. 20 at 9). Lackey's counsel will receive $7,908.00: $7,500.00 for attorney fees and $408.00 for the filing fee of this action and postage for service of the complaint. (*Id.* at 8).

## II. Analysis

If an employee proves his employer violated the FLSA, the employer must remit to the employee all unpaid wages or compensation, liquidated damages in an amount equal to the unpaid wages, a reasonable attorney's fee, and costs. 29 U.S.C. § 216(b). "FLSA provisions are mandatory; the 'provisions are not subject to negotiation or bargaining between employer and employee.'" *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (quoting *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982)). "Any amount due that is not in dispute must be paid unequivocally; employers may not extract valuable concessions in return for payment that is indisputably owed under the FLSA." *Hogan v. Allstate Beverage Co., Inc.*, 821 F. Supp. 2d 1274, 1282 (M.D. Ala. 2011). Consequently, parties may settle an FLSA claim for unpaid wages only if there is a bona fide dispute relating to a material issue concerning the claim.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), the Eleventh Circuit stated there is only one context in which compromises of FLSA back wage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement

2

proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. The primary focus of a court's inquiry in determining whether to approve an FLSA settlement is to ensure that an employer does not take advantage of its employees in settling their claim for wages and other damages due under the statute. *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 714, 719 (E.D. La. 2008).

Under the settlement agreement, Lackey states he will receive "the entire overtime premium wages that he could expect to recover if he were to prevail on his FLSA claims at trial." (Doc. 20 at 7). Lackey will receive an equal amount in liquidated damages. (*Id.* at 9). Since there has been no compromise of Lackey's claims, judicial approval of the settlement agreement does not appear to be required under *Lynn's Food Stores*. Even if it were, though, the parties' dispute as to the merits of the case is legitimate. Lackey contends he is due overtime wages from weeks worked between February 2018 through September 2018, as set out in an exhibit to the parties' joint motion. (*Id.* at 6; doc. 20-1). The City does not dispute its liability, but it denies it willfully failed to pay overtime wages and, as such, it states Lackey is not entitled to liquidated damages. (Doc. 20 at 4, 6). Further, there is no indication the City took advantage of Lackey in the settlement; the parties have been represented by counsel throughout this litigation, and the settlement agreement was achieved through mediation with a magistrate judge of this court. Under these circumstances, the undersigned finds that the settlement is a fair and reasonable resolution of a bona fide dispute.

As to Lackey's counsel's fees, the settlement agreement indicates those fees were negotiated at arm's length and only discussed after Lackey's claims were resolved. (Doc. 20 at 8-9). "Where the attorney's fee was agreed upon separately, without regard to the amount paid to

3

the plaintiff, then 'unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.'" *Davis v. The Filta Group, Inc.*, 2010 WL 3958701, *2 (M.D. Fla. Sept. 20, 2010) (quoting *Bonetti v. Embarq Mgmt. Co.*, 2009 WL 2371407, *5 (M.D. Fla. Aug. 4, 2009)). Therefore, the undersigned finds the attorneys' fees are reasonable. To the extent judicial approval of the settlement is required, the settlement is approved.

### III. Conclusion

The court finds Plaintiff's FLSA wage claim represents a bona fide dispute over FLSA provisions and the parties' monetary settlement is a fair and reasonable resolution of that bona fide dispute. Therefore, the parties' motion for settlement approval, (doc. 20), is **GRANTED**, and the settlement agreement is **APPROVED**. A separate order will be entered.

DONE this 28th day of October, 2019.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE